UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>                                  Plaintiff,<br><br>v.<br><br>CARI OLSON and MATT MILLES,<br><br>                                  Defendants. | Case No.:  22-CV-1373 JLS (BLM)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTIONS TO PROCEED** *IN FORMA PAUPERIS* **AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 1, 2, 5) |

Presently before the Court is Plaintiff Tina Louise Roberts' Complaint ("Compl.," ECF No. 1) and Motions to Proceed *In Forma Pauperis* ("IFP") (ECF Nos. 2, 5).  Plaintiff appears to assert that Defendants Matt Milles and Cari Olson (collectively, "Defendants") removed money from Plaintiff's bank account without authorization and that she was assaulted by one or more of Defendants.  *See generally* Compl.  Having carefully considered Plaintiff's Complaint, her IFP Motions, and the applicable law, the Court **GRANTS** Plaintiff's IFP Motions and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for the reasons that follow.

**MOTIONS TO PROCEED *IN FORMA PAUPERIS***

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff has filed two Motions to Proceed *In Forma Pauperis*. *See* ECF Nos. 2, 5. The information contained in the two motions differs considerably. In the first Motion to Proceed *In Forma Pauperis* ("First IFP Mot.," ECF No. 2), Plaintiff claims a monthly income of $1,176.21, monthly expenses of $3,852, cash holdings of $39, and no assets. *See generally* First IFP Mot. In the second Motion to Proceed *In Forma Pauperis* ("Second IFP Mot.," ECF No. 5), Plaintiff claims a monthly income of $1,244.26, monthly expenses of $20,247, cash holdings of $3, and other assets valued at roughly $6,200. *See generally* Second IFP Mot. While the differences between the two motions reduce the certainty of Plaintiff's actual economic situation, under either motion, Plaintiff appears unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motions to Proceed IFP.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Because Plaintiff is proceeding *in forma pauperis* ("IFP"), her Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, is malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at

1121.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted).  Federal courts are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).  Federal district courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations omitted).  Congress has conferred on the district courts original jurisdiction over both federal question cases and diversity cases. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005).  Federal question cases are civil actions that arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Diversity cases are civil actions between citizens of different States; between U.S. citizens and foreign citizens; or by foreign states against U.S. citizens which exceed a specific amount in controversy, currently $75,000. *Id.* § 1332.

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989).

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action" (emphasis added). As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety" (citation omitted)).

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## ANALYSIS

Here, Plaintiff's Complaint is subject to dismissal both because the Court lacks subject-matter jurisdiction over the Complaint as pleaded and because Plaintiff fails to state a claim for relief. Federal Rule of Civil Procedure 8 requires a complaint to include "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Violations of this Rule warrant dismissal." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

Plaintiff's Complaint "is silent as to jurisdiction," rendering it "subject to dismissal for violation of Rule 8." *Toussaint v. Venante*, Case No. 22-CV-245 JLS (AGH), 2022 WL 891112, at *2 (S.D. Cal. Mar. 25, 2022). Even forgiving this deficiency and construing Plaintiff's pro se Complaint liberally, the allegations contained therein do not provide a sufficient basis for this Court to infer that subject-matter jurisdiction exists. Facially, Plaintiff's embezzlement and assault claims do not arise under the Constitution, laws, or treaties of the United States, and therefore do not provide a basis for federal question

jurisdiction. Additionally, the Complaint does not contain sufficient facts to determine whether diversity jurisdiction exists. *Id.* "'The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings.'" *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (quoting *In re Mexico City Aircrash*, 708 F.2d 400, 404 n.4 (9th Cir. 1983)). While Plaintiff requests $175,000 in damages, thus meeting the amount-in-controversy requirement for diversity jurisdiction, it is unclear whether the parties are diverse, as Plaintiff fails to plead Defendants' citizenship. As a result, Plaintiff has not presented a sufficient basis for federal jurisdiction in this case.

The Court concludes that the Complaint must be dismissed for failure to allege a basis for subject-matter jurisdiction. For these reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for lack of federal subject-matter jurisdiction. The Court **GRANTS** Plaintiff thirty (30) days from the date on which this Order is electronically docketed to file an amended complaint curing the deficiencies identified above.

Any amended filing must be complete in itself, without reference to Plaintiff's Complaint. Any claim not realleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived").

***Should Plaintiff fail to file an amended complaint <u>within thirty (30) days</u>, the court will enter a final Order dismissing this civil action based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2), lack of***

*subject-matter jurisdiction, and Plaintiff's failure to prosecute in compliance with a court order requiring amendment.* See Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 12, 2022

Hon. Janis L. Sammartino
United States District Judge