UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>                                        Plaintiff,<br><br>v.<br><br>CALI OLSON; MATT MILLES; U.S. BANK; and MAGLONA,<br><br>                                        Defendants. | Case No.:  22-CV-1373 JLS (BLM)<br><br>**ORDER DISMISSING WITH PREJUDICE PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>(ECF No. 10) |

Presently before the Court is Plaintiff Tina Louise Roberts' Third Amended Complaint ("TAC," ECF No. 10).[1]  Having carefully considered Plaintiff's TAC and the applicable law, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint for the reasons that follow.

---

[1] Plaintiff filed a Second Amended Complaint ("SAC," ECF No. 9) on November 28, 2022.  Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once as of right within twenty-one days of serving the complaint or twenty-one days after service of a responsive pleading.  Fed. R. Civ. P. 15(a).  Plaintiff, however, is proceeding pro se and the SAC must first be screened before service may occur.  Accordingly, because Plaintiff filed the TAC within the 21-day period and has not previously amended the complaint as of right, the Court will consider Plaintiff's TAC as the operative complaint. *See Jackson v. City of Memphis Police Dep't*, No. 219CV02316MSNCGC, 2020 WL 3816308, at *1 n.1 (W.D. Tenn. June 19, 2020), *report and recommendation adopted*, No. 2:19-CV-2316-MSN-CGC, 2020 WL 3803048 (W.D. Tenn. July 7, 2020).

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

Because Plaintiff is proceeding *in forma pauperis* ("IFP"), her Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).   Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, is malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez*, 203 F.3d at 1126–27.  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).   Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.   "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*   The "mere possibility of misconduct" or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction."  *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583

(1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted).  Federal courts are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction."  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).  Federal district courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations omitted).  Congress has conferred on the district courts original jurisdiction over both federal question cases and diversity cases.  *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005).  Federal question cases are civil actions that arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Diversity cases are civil actions between citizens of different States; between U.S. citizens and foreign citizens; or by foreign states against U.S. citizens which exceed a specific amount in controversy, currently $75,000.  *Id.* § 1332.

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous."  *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989).  Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action" (emphasis added).  As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety" (citation omitted)).

Courts have a duty to construe a *pro se* litigant's pleadings liberally.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect,"

unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## ANALYSIS

Here, Plaintiff's TAC is subject to dismissal because the Court lacks subject-matter jurisdiction over her claims. Plaintiff's Complaint states the basis for the Court's jurisdiction is federal question jurisdiction and asserts causes of action arising under 42 U.S.C. § 2000d and 18 U.S.C. § 922(a)(3). The former regulation prohibits exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on the basis of an individual's race, color, or national origin. *See* 18 U.S.C. § 2000d. Plaintiff's TAC, however, provides no facts that indicate she was discriminated against on the basis of her race, color, or national origin or that she was involved in a federally assisted program. *See generally* TAC. Rather, the TAC alleges that a bank teller at a U.S. Bank infected Plaintiff with the Covid-19 virus (not a cognizable cause of action in either federal or state court), money was removed from her bank account without her consent (a state law conversion claim), and she was shot (a state law battery claim). *See generally id*. Moreover, these claims have no relation whatsoever to 18 U.S.C. § 922(a)(3), which is a criminal statute prohibiting the unlicensed interstate importation of firearms. *See* 18 U.S.C. § 922(a)(3).

"Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). "Mere reference to some aspect of federal law in the complaint does not automatically establish federal question jurisdiction." *Hyde v. USAA Fed. Sav. Bank*, No. 3:14-CV-04356, 2015 WL 1893149, at *3 (N.D. Tex. Apr. 27, 2015). Here, Plaintiff's TAC simply lists two federal statutes with no relation to her factual allegations and claims this Court has federal

question jurisdiction on the basis of those provisions.  Such a showing is insufficient to establish federal question jurisdiction.

Neither may the court exercise diversity jurisdiction over Plaintiff's claims. Diversity jurisdiction requires "that the parties be in complete diversity," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003), meaning "all plaintiffs must have citizenship different than all defendants," *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1057 (C.D. Cal. 2012).  Here, Plaintiff's TAC alleges that Plaintiff and three of the named Defendants—Cali Olson, Matt Milles, and Maglona—are citizens of California.  Thus, complete diversity does not exist between the parties, and the Court may not exercise diversity jurisdiction over Plaintiff's claims.

## CONCLUSION

The Court has afforded Plaintiff numerous opportunities to correct the deficiencies with her complaints and has provided detailed instructions on how to do so.  In its order dismissing Plaintiff's First Amended Complaint, the Court warned Plaintiff that failure to cure the defects described in that order would result in a final order dismissing this civil action.  *See* ECF No. 8 at 6–7.  As Plaintiff has now failed for the fourth time to provide the Court with a basis to exercise jurisdiction over this case, *see Roberts v. Milles*, No. 3:22-CV-956 JLS (BLM) ECF Nos. 5, 7; *Roberts v. Olson*, 3:22-CV-1373 JLS (BLM) ECF Nos. 6, 8, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for lack of federal subject-matter jurisdiction.  As this Order concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file. The Court will consider no further filings in this closed matter.

**IT IS SO ORDERED.**

Dated:  January 5, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge