UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CARI OLSON, NML1917532, US Bank; Matt Milles, Bank Manager; and U.S. Bank,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22-CV-1373 JLS (BLM)<br><br>**ORDER DETERMINING THAT IN FORMA PAUPERIS STATUS SHOULD NOT CONTINUE ON APPEAL**<br><br>(ECF Nos. 15, 19) |

　　　Presently before the Court is the Ninth Circuit Court of Appeal's Referral Notice ("Referral," ECF No. 19) requesting that this Court determine whether *in forma pauperis* ("IFP") status should continue for Plaintiff-Appellant Tina Louise Roberts. *See* Referral at 1. Having thoroughly reviewed the matter, the Court **DETERMINES** that the appeal is frivolous and IFP status should not continue on appeal.

　　　A litigant who was previously permitted to proceed IFP may maintain such status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed IFP. *See* Fed. R. App. P. 24(a)(3)(A). Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (stating that an indigent appellant is permitted to proceed IFP on appeal only if the appeal would not be frivolous).

Here, Plaintiff-Appellant is appealing this Court's January 5, 2023, order dismissing her Third Amended Complaint ("TAC") with prejudice. *See* ECF No. 11. The TAC, while largely incomprehensible, appears to allege that Plaintiff-Appellant was infected with Covid-19 at a U.S. Bank, that one of the bank's tellers removed money from her account without permission, and that she was shot by an unidentified individual. *See* ECF No. 10. This Court did not reach the question of whether such allegations stated a claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed, for the fourth time, to allege sufficient facts for this Court to exercise subject matter jurisdiction over Plaintiff's claims. ECF No. 11 at 4–5. As the Court stated in its January 5 order:

> Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). "Mere reference to some aspect of federal law in the complaint does not automatically establish federal question jurisdiction." *Hyde v. USAA Fed. Sav. Bank*, No. 3:14-CV-04356, 2015 WL 1893149, at *3 (N.D. Tex. Apr. 27, 2015). Here, Plaintiff's TAC simply lists two federal regulations with no relation to her factual allegations and claims this Court has federal question jurisdiction on the basis of those regulations. Such a showing is insufficient to establish federal question jurisdiction.
>
> Neither may the court exercise diversity jurisdiction over Plaintiff's claims. Diversity jurisdiction requires "that the parties be in complete diversity," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003), meaning "all plaintiffs must have citizenship different than all defendants," *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1057 (C.D. Cal. 2012). Here, Plaintiff's TAC alleges that Plaintiff and three of

> the named Defendants—Cali Olson, Matt Milles, and Maglona—are citizens of California. Thus, complete diversity does not exist between the parties, and the Court may not exercise diversity jurisdiction over Plaintiff's claims.

*Id.* Consequently, Plaintiff's allegations lack any arguable basis in law. Moreover, Plaintiff's allegation that someone infected her with Covid-19 is not a cognizable cause of action, her allegation that someone at U.S. Bank removed money from her account without her permission is belied by bank statements that Plaintiff previously filed with this Court, *see* ECF No. 8 at 5, and Plaintiff has repeatedly failed to provide sufficient facts to state a claim for battery or assault in relation to her alleged shooting. Therefore, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal would not be taken "in good faith," and IFP status should not continue on appeal.

The Court **DIRECTS** the Clerk to notify Plaintiff-Appellant and the Ninth Circuit Court of Appeals of this order pursuant to Federal Rule of Appellate Procedure 24(a)(4).

**IT IS SO ORDERED.**

Dated: January 25, 2023

Hon. Janis L. Sammartino
United States District Judge